ANNA M. MCEWAN, Executrix, etc., of ERNEST J. SIELING, Deceased, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

First Department, December 7, 1934.

*James A. Higgins* of counsel [*Frederic G. Rita* and *Thomas J. Higgins* with him on the brief; *Thomas J. Higgins*, attorney], for the appellant.

*Alfred D. Jahr* of counsel [*Anson Getman* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

GLENNON, J. This action was instituted by plaintiff to recover the sum of $100 as a balance due on an award made by the board of assessors of the city of New York in a change of grade proceeding. After issue was joined, plaintiff moved for a summary judgment. The motion was denied at Special Term upon the following ground: " The Board of Assessors, acting upon the request of the Board of Revision of Assessments, had the right to reduce the award theretofore made to the plaintiff from $3,000 to $2,900."

While it is argued by the respondent that there are issues of fact which can be disposed of only by trial, we have reached the conclusion based upon the pleadings and affidavits that the only question for consideration here is one of law.

The board of assessors made various awards to property owners for damage caused by a change of grade of a street in the borough of Queens. Plaintiff was the owner of a piece of property affected in the proceeding. Objections protesting against the inadequacy of the proposed awards were filed by the property owners, and public hearings upon the objections were held. After the hearings the board of assessors altered the awards " so as to satisfy " the owners who thereupon withdrew their objections. The board confirmed the awards and transmitted the same to the comptroller for entry and for payment pursuant to section 950 of the charter. In addition thereto it forwarded a statement of the probable amount of assessments to be levied against the property with respect to which the award had been made, as required by section 951 of the charter. It was unnecessary for the board of assessors to present the objections to the proposed awards to the board of revision of assessments, since they had been withdrawn. We quote so much of section 950 of the charter as we deem to be pertinent to the issues: " It shall be the duty of the board of assessors, when it has completed any proposed assessment or award, to give notice to the owner or owners; such notice to be published daily in the City Record and the corporation newspapers for at least ten days successively. * * * If after hearing and examining such objections and testimony, the assessors shall not deem it proper *to alter* their assessment or award, or *having altered it* there shall still be objections to the same, it shall be their duty to present such objections with the proposed assessment or award to the board of revision of assessments. If no objections shall be received, *or if the board of assessors shall alter the assessment or award so as to satisfy the objectors, said board shall forthwith declare the said assessment or award confirmed, and shall transmit the same to the comptroller for entry and collection of said assessment and for payment of said award. An assessment or award so confirmed shall be of the same force and effect as if confirmed by the board of revision of assessments. The confirmation by the board of assessors of any such award shall be final and conclusive upon all parties and persons whomsoever with respect to the amount. of damage sustained.*" (Italics ours.)

Plaintiff's award was the sum of $3,000, and the probable amount of the assessment leviable against her property was declared to be $100; $2,900 was subsequently paid to the plaintiff by the comptroller, and $100 was retained by him. Shortly thereafter,

she paid the assessment levied against her property and then made demand upon the comptroller for the sum of $100 which represented the balance due her. Within a few days thereafter she received a communication from the department of finance, which stated in part: " On December 22, 1933, the Board of Assessors advised the Comptroller, that the sum of $100 which was withheld for a probable assessment had been cancelled, therefore there is no money due you in this proceeding." Plaintiff thus learned that without her knowledge the board of assessors had reduced the amount of the award from $3,000 to $2,900.

The difficulty with defendant's position is that the board of assessors had no authority under the law to reduce the amount of the award under the direction of the board of revision of assessments after it had once declared the award confirmed and had transmitted it to the comptroller for payment, since " The confirmation by the board of assessors of any such award shall be final and conclusive upon all parties and persons whomsoever with respect to the amount of damage sustained."

It is claimed by the city that powers as broad as enumerated in the charter cannot be conferred upon the board of assessors, and that any legislation attempting so to do is necessarily void and unconstitutional. The point has no merit. In *Matter of Prospect Park & C. I. R. R. Co.* (85 N. Y. 489) commissioners were appointed under the General Railroad Act to appraise certain land. The first report of the commissioners was rejected, and the matter was sent back to other commissioners for a second report. The second report was rendered and confirmed. The property owners objected to it upon grounds of inadequacy. It is sufficient to note that under the General Railroad Act the second report of the commissioners was made " final and conclusive." This provision of the law was attacked upon the ground that it was unconstitutional. In dealing with the question the Court of Appeals, by EARL, J., wrote: " Without any violation of the Constitution, the Legislature could have made the first report final and conclusive, and that would have been the very ' process of law ' provided by the Constitution. The commissioners may err like any other tribunal of final resort, and for such error there is no remedy. If their proceedings are fraudulent, illegal or irregular, they may undoubtedly be set aside, or they may be reviewed upon the first appeal authorized. Here the only allegation made is that the compensation awarded is merely nominal when it should have been substantial. No fraud is alleged and no irregularity, and no other illegality is claimed. We do not know that the amount awarded is not all the damages which the commissioners found the land-

owners suffered. They proceeded regularly, heard the parties and their evidence, viewed the premises and made their decision. The law says such decision shall be final, and that ends it."

That case we deem conclusive on the present issue. Accordingly the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion for summary judgment granted.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.